UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOUIS E. SALAMINA,

        Plaintiff,

v.                                    CASE No. 8:12-CV-1985-T-23TGW

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,

        Defendant.

_____

## REPORT AND RECOMMENDATION

      The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[2]  Because the decision of the Commissioner of Social Security fails to consider the plaintiff's VA disability rating, I recommend that the Commissioner's decision be reversed and the matter remanded for further proceedings.

_____

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue as defendant in this action. See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

[2] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

I.

The plaintiff, who was fifty-three years old at the time his insured status expired and who has at least the equivalent of a high school education with reportedly some college, has worked as a truck driver and final inspector (Tr. 41, 62-63).[3] He filed a claim for Social Security disability benefits, alleging that he became disabled due to post-traumatic stress disorder (PTSD), anxiety, depression, chronic digestive disorder colitis, chronic kidney stones, nerve disorder, flashbacks, panic attacks, and "never feel[ing] well even with medication" (Tr. 158). The claim was denied initially and upon reconsideration.

At his request, the plaintiff then received a de novo hearing before an administrative law judge. The law judge found that, through his date last insured of June 30, 2004, the plaintiff had severe impairments of PTSD, depressive disorder, and alcohol abuse (Tr. 24). She concluded further (Tr. 26):

---

[3]The plaintiff responded affirmatively when the law judge asked at the hearing if he received a GED (Tr. 41). However, the record also indicates that the plaintiff completed high school in four years and has some college (see, e.g., Tr. 439, 504, 569, 772). The plaintiff's memorandum does not explain, or even note, this apparent inconsistency, but simply asserts that the plaintiff has a GED (Doc. 12, p. 3).

> [T]hrough the date last insured, the claimant had
> the residual functional capacity to perform a full
> range of work at all exertional levels but with the
> following nonexertional limitations: The claimant
> was able to understand, remember, and carry out
> simple one or two-step job instructions and has
> slightly limited abilities to relate and interact with
> supervisors, co-workers, and the public, maintain
> concentration, attention, persistence, and pace,
> adapt to stresses common to a normal work
> environment, maintain regular attendance in the
> work place and perform work activities on a
> consistent basis, and perform work activities
> without special or additional supervision.

The law judge determined that, with these limitations, the plaintiff could

return to his past work as a final inspector (Tr. 31). Accordingly, the law

judge ruled that the plaintiff was not disabled (Tr. 32). The Appeals Council

let the decision of the law judge stand as the final decision of the

Commissioner.

II.

In order to be entitled to Social Security disability benefits, a

claimant must be unable "to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which

... has lasted or can be expected to last for a continuous period of not less

than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental

impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A). In this case, also, the plaintiff must show that he became disabled before his insured status expired on June 30, 2004, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."

Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on the basis of his mental impairments. The relevant evidence is that which has a bearing on

the plaintiff's condition between June 1, 2001, the alleged disability onset date, and June 30, 2004, the plaintiff's date last insured. Much of the evidence in the record either pre-dates or post-dates the pertinent period. That evidence is relevant only to the extent that it sheds light on the plaintiff's condition during the period at issue.

The plaintiff argues that the law judge erred in failing to address and assign great weight to the disability determination of the Department of Veterans Affairs (VA) (Doc. 12, pp. 9-10). This contention has merit and warrants remand.

The VA, in a rating decision dated June 5, 2006, granted the plaintiff a 50% disability rating for service connected PTSD, with an effective date of October 7, 1993 (Tr. 138). The rating was temporarily increased to 100% from April 12, 2004, to June 1, 2004, due to the plaintiff's hospitalization lasting over 21 days (id.). Following the hospitalization period, the rating returned to 50% (id.).[4]

---

[4]The plaintiff states that the VA determined that he was "permanently and totally disabled due to the service connected PTSD" (Doc. 12, p. 9; see Tr. 141). However, as the Commissioner correctly points out, the VA did not find the plaintiff "permanently and totally disabled" until January 26, 2005, "nearly 7 months after the end of the relevant period" (Doc. 13, p. 5 n.3).

The disability decisions of the VA and other agencies are not binding on the law judge. 20 C.F.R. 404.1504. The court of appeals, however, has said that VA disability determinations must be given great weight. Rodriguez v. Schweiker, 640 F.2d 682, 686 (5th Cir. 1981). The Fifth Circuit explicated this principle in Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001):

> In *Rodriguez* and its progeny, we have sometimes referred to a VA disability determination as being entitled to "great weight." While this is true in most cases, the relative weight to be given this type of evidence will vary depending upon the factual circumstances of each case. Since the regulations for disability status differ between the SSA and the VA, ALJs need not give "great weight" to a VA disability determination if they adequately explain the valid reasons for not doing so.

See also Pearson v. Astrue, 271 Fed. Appx. 979 (11th Cir. 2008). The Eleventh Circuit has concluded that the law judge's determination regarding a VA disability rating may be implicit. Kemp v. Astrue, 308 Fed. Appx. 423, 426 (11th Cir. 2009) (The law judge "continuously refer[red] to the VA's evaluations and disability rating throughout the evaluation process" and "gave specific reasons for why the VA's 30% disability rating based on PTSD

did not qualify the condition as a severe impairment under the SSA guidelines").

Here, the law judge mentioned the plaintiff's VA disability finding only in passing. Thus, the law judge merely stated that the plaintiff "receives disability benefits from the Veterans' Administration and he lives alone in an apartment" (Tr. 27). The law judge, however, did not expressly identify the VA disability rating itself. Moreover, she did not specify what weight, if any, she afforded to the rating. Further, she did not engage in any evaluation of the plaintiff's VA disability rating.

The Commissioner contends that the law judge did not err because she implicitly assigned great weight to the plaintiff's VA disability rating (Doc. 13, pp. 5-7). In this connection, the Commissioner argues that (1) the law judge's residual functional capacity finding is "in line with the VA's disability rating for the relevant period" and (2) the law judge accounted for the disability rating by affording significant weight to the opinions of the nonexamining reviewing consultants, Dr. Nancy Dinwoodie and Dr. Timothy Foster, which expressly discussed the VA disability rating.

The Commissioner's contention might have some force if the law judge had acknowledged the VA disability rating with more than just a

passing reference while summarizing the plaintiff's testimony, but she did not. Unlike the situation in <u>Kemp</u> v. <u>Astrue</u>, <u>supra</u>, there is nothing in the law judge's decision that indicates that she considered the VA disability rating (<u>see</u> Tr. 26-31). There is not even a statement acknowledging the weight to be afforded to such ratings. It is, therefore, impossible to determine whether the law judge simply overlooked the disability rating, or whether she gave it the appropriate consideration and weight.

Moreover, it is speculation for the Commissioner to assert that the law judge gave the VA rating great weight, albeit implicitly. Seemingly, if the law judge had given great weight to the VA rating, the plaintiff's residual functional capacity finding would be more restrictive than it is. In all events, proper judicial review of the law judge's handling of the VA rating is not possible under these circumstances.

It is recognized that the law judge referred to and discussed the medical records from the VA in her decision. That discussion, however, does not substitute for consideration of the rating decision itself. See <u>Williams</u> v. <u>Barnhart</u>, 180 Fed. Appx. 902 (11th Cir. 2006).

Furthermore, the Commissioner's argument on this issue is an impermissible post hoc rationalization. Post hoc rationalizations of litigating

counsel do not provide the basis for judicial review of an administrative decision. <u>Motor Vehicle Manufacturers Association of the United States, Inc.</u> v. <u>State Farm Mutual Automobile Insurance Co.</u>, 463 U.S. 29, 50 (1983); <u>Baker</u> v. <u>Commissioner of Social Security</u>, 384 Fed. Appx. 893, 896 (11th Cir. 2010). The responsibility for evaluating and assigning weight to the evidence is placed with the law judge, and not with the Commissioner's lawyer. Accordingly, the Commissioner's argument does not remedy the law judge's failure to address the VA disability rating.

In sum, the law judge erred because she failed to evaluate the plaintiff's VA disability rating. This error was critical and warrants reversal. <u>See</u> <u>Gibson</u> v. <u>Heckler</u>, 779 F.2d 619, 623 (11th Cir. 1986) (the law judge must state specifically the weight accorded each item of evidence and the reasons for her decision on the evidence).

The plaintiff raised several other challenges to the law judge's decision. In view of the remand, it is unnecessary to address those contentions, since following the remand a new decision will be issued and it could well be by a different law judge. Notably, the plaintiff does not assert that any of his challenges support an award of benefits at this stage (Doc. 12, pp. 24-25).

IV.

Because the law judge failed to evaluate the plaintiff's VA disability rating, the decision of the Commissioner is fundamentally flawed. I, therefore, recommend that the decision be reversed and the matter remanded for further consideration.

Respectfully submitted,

THOMAS G. WILSON
DATED: MAY 8 , 2013          UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).